IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-66-GF-BMM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| LOGAN QUINN SANDAU, | |
| Defendant. | |

## I. Synopsis

The United States of America accused Mr. Sandau of violating his conditions of supervised release by (1) providing a urine sample that tested positive for marijuana, (2) consuming alcohol and entering an establishment where alcohol is the primary item of sale, (3) failing to report for substance abuse counseling, and (4) failing to report for substance abuse testing. Mr. Sandau admitted to the violations. Mr. Sandau's supervised release should be revoked. The Court should sentence him to time served, with thirty-three months of supervised release to follow.

## II. Status

On November 5, 2012, Mr. Sandau pleaded guilty to Assault with a

1

Dangerous Weapon and Assault Resulting in Serious Bodily Injury. On February 12, 2013, United States District Judge Sam Haddon sentenced Mr. Sandau to forty-five months for Count I and forty-five months for Count II, with terms to run concurrently. Judge Haddon also sentenced Mr. Sandau to thirty-six months of supervised release to follow on each count, with the terms of supervised release to run concurrently. (Doc. 44.) Mr. Sandau's first term of supervised release began on March 1, 2016.

On April 7, 2016, the Court received a Report of Offender Under Supervision reporting that Mr. Sandau had submitted a urine sample that tested positive for marijuana. (Doc. 47.) The Court allowed the United States Probation Office (USPO) to continue working with Mr. Sandau. On May 6, 2016, the Court received another Report of Offender Under Supervision reporting that Mr. Sandau had once again submitted a urine sample that tested positive for marijuana and had failed to comply with substance abuse treatment. (Doc. 49.) The Court allowed the USPO to continue working with Mr. Sandau.

**Petition**

On June 1, 2016, the USPO filed a Petition for Warrant or Summons and Order alleging that Mr. Sandau violated his supervised release by (1) providing a urine sample that tested positive for marijuana, (2) consuming alcohol, (3) entering

an establishment where alcohol is the primary item of sale, (4) failing to report for substance abuse counseling, and (5) failing to report for substance abuse testing. (Doc. 50.)

**Initial appearance**

On August 3, 2016, Mr. Sandau appeared before the undersigned in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him. Assistant United States Attorney Bryan Dake represented the United States.

Mr. Sandau said he had read the petition and understood the allegations. Mr. Sandau waived the preliminary hearing, and the parties consented to proceed before the undersigned.

**Revocation hearing**

On October 4, 2016, Mr. Sandau appeared before the undersigned for a revocation hearing. Mr. Sandau admitted that he violated the conditions of his supervised release by (1) providing a urine sample that tested positive for marijuana, (2) consuming alcohol, (3) entering an establishment where alcohol is the primary item of sale, (4) failing to report for substance abuse counseling, and (5) failing to report for substance abuse testing. The violations are serious and warrant revocation of Mr. Sandau's supervised release.

Mr. Sandau's violation grade is Grade C, his criminal history category is I,

and his underlying offense is a Class C felony.  He could be incarcerated for up to 24 months.  He could be ordered to remain on supervised release for thirty-six months, less any custody time imposed.  The United States Sentencing Guidelines call for three to nine months in custody.

After a sidebar conversation during which Mr. Arvanetes informed the Court of mitigating circumstances that warranted a lesser sentence for Mr. Sandau, Mr. Arvanetes recommended that the Court sentence Mr. Sandau to time served with thirty-three months of supervised release to follow. Mr. Starnes confirmed the mitigating circumstances and agreed with the Mr. Arvanetes' recommendation.

### III.  Analysis

Mr. Sandau's supervised release should be revoked because he admitted violating its conditions.  Mr. Sandau should be sentenced to time served with thirty-three months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV.  Conclusion

Mr. Sandau was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Sandau's objection, if it is filed within the

allotted time, before making a final determination on whether to revoke Mr. Sandau's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

1. Logan Quinn Sandau violated the conditions of his supervised release by (1) providing a urine sample that tested positive for marijuana, (2) consuming alcohol, (3) entering an establishment where alcohol is the primary item of sale, (4) failing to report for substance abuse counseling, and (5) failing to report for substance abuse testing.

The undersigned **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Sandau's supervised release and sentencing him to time served, with thirty-three months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 11th day of October 2016.

_____
John Johnston
United States Magistrate Judge