IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-66-GF-BMM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| LOGAN QUINN SANDAU, | |
| Defendant. | |

## I. Synopsis

The United States of America accused Mr. Sandau of violating his conditions of supervised release by (1) submitting a urine sample that tested positive for opiates, (2) failing to report for substance abuse testing on multiple occasions, and (3) failing to report for substance abuse treatment. Mr. Sandau admitted to the violations. Mr. Sandau's supervised release should be revoked, and he should be sentenced to five months in custody, with twenty-seven months of supervised release to follow.

## II. Status

On November 5, 2012, Mr. Sandau pleaded guilty to Assault with a Dangerous Weapon and Assault Resulting in Serious Bodily Injury. On February

12, 2013, United States District Judge Sam Haddon sentenced Mr. Sandau to forty-five months for Count I and forty-five months for Count II, with terms to run concurrently. Judge Haddon also sentenced Mr. Sandau to thirty-six months of supervised release to follow on each count, with the terms of supervised release to run concurrently. (Doc. 44.) Mr. Sandau's first term of supervised release began on March 1, 2016.

On April 7, 2016, the Court received a Report of Offender Under Supervision reporting that Mr. Sandau had submitted a urine sample that tested positive for marijuana. (Doc. 47.) The Court allowed the United States Probation Office (USPO) to continue working with Mr. Sandau. On May 6, 2016, the Court received another Report of Offender Under Supervision reporting that Mr. Sandau had once again submitted a urine sample that tested positive for marijuana and had failed to comply with substance abuse treatment. (Doc. 49.) The Court allowed the USPO to continue working with Mr. Sandau.

United States District Judge Brian Morris revoked Mr. Sandau's supervised release on November 1, 2017, because he used controlled substances, used alcohol, and failed to comply with substance abuse testing and treatment. (Doc. 61.) Judge Morris sentenced him to time served, with thirty-three months of supervised release to follow. (*Id.*)

The Probation Office filed a Report on Offender Under Supervision on February 8, 2017, notifying the Court that Mr. Sandau submitted urine samples that tested positive for opiates. (Doc. 63.) Judge Morris allowed him to continue his supervision.

**Petition**

On July 17, 2017, the Probation Office filed a Petition for Warrant for Offender Under Supervision alleging that Mr. Sandau violated his supervised release by (1) submitting a urine sample that tested positive for opiates, (2) failing to report for substance abuse testing on multiple occasions, and (3) failing to report for substance abuse treatment. (Doc. 64.)

**Initial appearance**

On July 25, 2017, Mr. Sandau appeared before the undersigned in Great Falls, Montana. Federal Defender Anthony Gallagher accompanied him. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Sandau said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed before the undersigned.

**Revocation hearing**

Mr. Sandau admitted that he violated the conditions of his supervised

release. The violations are serious and warrant revocation of Mr. Sandau's supervised release.

Mr. Sandau's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for thirty-two months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Gallagher recommended a sentence of either time served, with substance abuse treatment and supervised release to follow, or three months in custody, with supervised release to follow. Mr. Sandau exercised his right of allocution and stated that he struggled to find a job when he was released and got frustrated. Mr. Cobell recommended a sentence in the middle of the guideline range, with supervised released to follow.

### III. Analysis

Mr. Sandau's supervised release should be revoked because he admitted violating its conditions. Mr. Sandau should be sentenced to five months in custody with twenty-seven months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV. Conclusion

Mr. Sandau was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Sandau's objection, if it is filed within the allotted time, before making a final determination on whether to revokehis supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

1. Logan Quinn Sandau violated the conditions of his supervised release by (1) submitting a urine sample that tested positive for opiates, (2) failing to report for substance abuse testing on multiple occasions, and (3) failing to report for substance abuse treatment.

The undersigned **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Sandau's supervised release and sentencing him to five months in custody, with twenty-seven months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 7th day of August 2017.

John Johnston
United States Magistrate Judge